**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Adams Family | } | |
| Properties, Inc. | } | |
| | } | Docket No. 55-2-02 Vtec |
| | } | |
| | } | |

**Decision and Order on Motion for Reconsideration**

Appellant Adams Family Properties, Inc. appealed from a January 23, 2002 decision of the Zoning Board of Adjustment (ZBA) of the Town of Fair Haven, upholding a 2001 zoning permit issued to Appellee-Applicant Ellen Salvato to erect a fence. Appellant is represented by Peter H. Banse, Esq.; Appellee-Applicant is represented by Theodore A. Parisi, Jr., Esq.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, on January 8, 2003. Judge Wright granted judgment for Appellant on the record in response to motions made orally on the record for judgment at the close of Appellee-Applicant= s case. That judgment was based primarily on two exhibits in evidence, Exhibits D and J.

Exhibit D is a 1998 ZBA decision involving the same parties and the same boundary, which 1998 ZBA decision had not been appealed and had become final. That decision upheld a zoning permit for the fence but conditioned it on the parties= resolution of their boundary dispute. The 1998 ZBA decision recited the ongoing dispute between the parties as to the location of their boundary, and decided in full as follows:

It is the unanimous decision of the board that the zoning permit was issued legally by Phil Adams, Zoning Administrative Officer. Since the stated intent of the applicant was to construct a fence to establish a A boundary line marker,@ the Board conditions the construction of the fence, as permitted, only after the boundary line between the two properties has been A legally or mutually@ established.

Exhibit J is the survey that Appellee-Applicant had done by Yew Tree Land Services and recorded in the Town land records on June 9, 1999. The survey defines the line in question by points #1 and #3, and contains the following Note #5:

CURRENTLY, ABUTTER > ADAMS= CLAIMS COLOR OF PRESCRIPTIVE RIGHTS LYING AN INDETERMINANT DISTANCE NORTHERLY OF LINE 1-3. THERE IS NO CLEARLY DEFINED NORTHERLY LIMIT TO SAID AREA OF DISPUTE.

On January 30, 2003, Attorney Parisi requested a written decision. On February 3, 2003, Attorney Banse proposed a written order unacceptable to Attorney Parisi.

At a conference held on February 4, 2003, Judge Wright granted Attorney Parisi= s request for a written decision, but ruled that, as the decision was rendered orally on the record, the most accurate written order should be prepared from a transcript of that portion of the proceedings at the end, containing the Court= s ruling. Judge Wright also noted that the time for appeal would soon expire, and that an extension could only be granted if it were applied for prior to the expiration of the appeal period.

Later on February 4, 2003, Attorney Parisi faxed a motion to extend the time for appeal, which was granted on February 5, 2003, by an entry order stating in full that it was granted:

to allow Appellee to obtain a transcript of the order as stated on the record on January 8, 2003. Any appeal must be filed at this court no later than March 10, 2003 and this court has no authority under V.R.A.P. 4 further to extend this time period.

On February 27, 2003, rather than providing for the Court= s signature a draft written order prepared from the transcript, Attorney Parisi filed a A Motion to Reconsider@ the January 8, 2003 decision. The motion made internal references to the transcript of the January 8, 2003 decision, but did not attach a copy. On February 28, 2003, the Court issued an Entry Order faxed as well as mailed to both parties, stating in full that:

If you do not supply the Court with the transcribed order, we cannot rule on your motion.

Moreover, please be advised that, as stated in this Court= s February 5, 2003 entry order, we have no discretion to further extend the time for filing an appeal. Your motion for reconsideration does not stay that time period.

In response to the faxed version of that entry order, Attorney Parisi= s office sent the transcript by fax to the Court. As no copy appeared to have been faxed to Attorney Banse= s office, the Court faxed the material to Attorney Banse= s office.

The written decision as it could have been prepared from the transcript reads in full as follows:

Appellee-Applicant= s application for a zoning permit to erect a boundary fence between her property and Appellant= s property must be denied at this time, specifically without prejudice to any future application after such time that the boundary is established by Superior Court and that order becomes final.

This is based on the [unappealed] 1998 permit condition which conditioned the permit to install the fence on the establishment of the boundary line between the parties [either] A legally@ or A mutually.@ Clearly, the boundary line has not been established A mutually,@ [that is, it has not been agreed to.]

Nor has it been established A legally,@ despite the existence of the survey that is Exhibit J, because Exhibit J contains Note #5, which is the surveyor= s reservation that A abutter [Appellant] Adams claims color of prescriptive rights lying an indeterminate distance northerly of@ the disputed line [and that] A there is no clearly defined northerly limit to said area of dispute.@

In a nutshell, the Court= s decision was that because Appellee-Applicant had not appealed the 1998 permit, under 24 V.S.A. ' 4472 it had become final. Therefore, Appellee-Applicant was bound by the 1998 permit= s condition that the fence could not be installed until the boundary had been established A legally or mutually.@ As it was evident by the present litigation that the parties had not mutually agreed on the boundary line, it would have to be established A legally.@ As the Environmental Court had stated in its December 18, 2002 entry order, this court has no jurisdiction to determine the parties= respective title to the property at issue in this appeal, nor to address any claims Appellant may have to have acquired any rights by prescription or adverse possession. Those matters would have to be placed before the Superior Court, through a quiet title or declaratory judgment action to settle the boundary.

After rendering that decision on the record, the Court offered the party some comments on alternative ways they could get the boundary or prescriptive easement dispute in front of the Rutland Superior Court, recognizing that they had resisted doing so at an earlier stage of the litigation:

Let me point out a couple of things that may assist the parties in their future actions based on this decision. The existing portion of the fence does not need to be removed unless or until there is a further order either of the court or an order of the Zoning Board to that effect. And regardless of which party brings the Superior Court action (and, as the Court has pointed out to these parties before, there is a mechanism for filing such an action in Rule 8(g) which would allow it to be [filed by agreement]), it would still be the burden of the claimant of the easement by prescription (as this Court understands it) to prove the easement by prescription, that is, it is not the other party, it would not be Ms. Salvato= s burden to prove the absence of such an easement, but that will be up to the Superior Court to determine. And at any time after that is determined, the applicant is free to bring the request for the fence back to the Zoning Administrator for a permit at that time.

Appellee-Applicant now asks for reconsideration, arguing that the Environmental Court= s January 8, 2003 decision has somehow required Appellee-Applicant to file a quiet title action in superior court, and arguing that if she were to file the quiet title action (or the parties were to use Rule 8(g) to commence the litigation), that it would somehow change the burden of proof in the quiet title action.

The January 8, 2003 decision did none of those things. The Environmental Court ruled only on what it had jurisdiction to rule on: whether Appellee-Applicant should be issued a zoning permit to build her boundary fence before she had A legally established@ her boundary, under the conditions of the unappealed 1998 permit. The Environmental Court left the parties to their remedies in Superior Court as to the various means of accomplishing the task of A legally establishing@ the boundary. The Environmental Court suggested that the burden of proof would remain on the claimant of the easement by prescription, that is, on Adams Family Properties, in any such proceeding, no matter who had filed the case, but explicitly also left it to the Superior Court to make that determination.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant= s Motion for Reconsideration is DENIED.

Dated at Barre, Vermont, this 3rd day of March, 2003.

_____
Merideth Wright
Environmental Judge